**Laura MASTELLONE, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. 86 CV 1360.**

United States District Court,
E.D. New York.

Sept. 23, 1987.

Ira S. Schneider, Hempstead, N.Y., for plaintiff.

Andrew J. Maloney, U.S. Atty., E.D.N.Y. by Charles E. Knapp, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

PLATT, District Judge.

The issues in this case are whether the requirement that Medicare-covered services be provided by a participating home health agency ("HHA"), or under an arrangement with such an agency, is consistent with the intent of Congress, and, if consistent, whether the requirement may be met by a judicially imposed retroactive arrangement between the participating HHA and the persons rendering the services.

Plaintiff is a 91–year-old woman suffering from several ailments, including heart disease and severe arthritis. On January 23, 1981, she had a cardiac pacemaker implanted. (R. 223.) At that time, plaintiff's treating physician and a nurse at the hospital requested home health services for the patient. (R. 223.) The only participating HHA in plaintiff's geographic area, Visiting Home Health Services ("VHHS"), provided plaintiff with physical therapy and skilled nursing care under the Medicare program from February 5, 1981, until April 24, 1981. (R. 234–238.) On April 24, 1981,

VHHS informed plaintiff that she was no longer eligible for home health care under Medicare because she was not progressing. (R. 239.)

At that time, plaintiff continued to employ private 24–hour aides whom she had previously retained in addition to the care provided by VHHS. (R. 109.) Plaintiff also hired two additional nurses. (R. 58.)

In November 1984, plaintiff again requested VHHS to provide home health care. (R. 161.) From November 6, 1984, to December 24, 1984, VHHS provided treatment under Medicare. (R. 162, 164, 166.) On December 24, 1984, VHHS again informed plaintiff that she was no longer eligible under Medicare because she was not progressing. Plaintiff continued to retain the private nurses and aides.

In February 1985, plaintiff sought reimbursement for the cost of private nurses and aides from May 1981 to November 1984 and from December 24, 1984, to February 1985. (R. 127.) Blue Cross/Blue Shield, Medicare's fiscal intermediary, denied reimbursement because the care was not provided by a participating HHA. (R. 127.)

On December 20, 1985, plaintiff's case was heard before an ALJ. The ALJ held that (1) the intermediary's denial was consistent with the statutory and regulatory requirement that the care be provided by a participating HHA, or under arrangement with such an agency (R. 14); (2) plaintiff's need for full-time care made her ineligible for Medicare, which provided only part-time care (R. 14); and (3) plaintiff's need for custodial care made her ineligible for Medicare.

Plaintiff appeals all three determinations. The Secretary of Health and Human Services ("the Secretary") contends that this Court must first determine the threshold issue of whether the plaintiff has met all the statutory and regulatory requirements for Medicare.

■ The Secretary requires that Medicare-covered home health services be ren-

dered by a participating[1] home health agency or under arrangement with such an agency. 42 C.F.R. 409.42(g).

In the present case, plaintiff acknowledges that the care she received was not rendered by a participating provider or under arrangement with such an agency. Plaintiff's Brief in Support of Motion for Judgment on the Pleadings, p. 8 ("Plaintiff's Brief"). However, she argues that the requirement is contrary to the intent of Congress.

Congress provided that all Medicare-covered home health service must be rendered by, or under agreement with, a home health agency which has met certain conditions set by the Secretary. *See* 42 U.S.C. §§ 1395x(m) and 1395x(*o*). The conditions of the Secretary must be in accord with the Congressional intent. *See* 42 U.S.C. § 1395x(*o*). One intent of Congress was the effective administration of the Medicare program. Section 1395x(*o*)(7) empowers the Secretary to promulgate regulations which ensure "the effective and efficient operation of the program." According to the House Report, the intent behind the provision was to ensure "the development of more adequate administrative and reimbursement guidelines." H.R.Rep. No. 1167, 96th Cong., 2d Sess. 370, *reprinted in* 1980 U.S.Code Cong. & Admin.News 5526, 5733.

■ The Secretary's requirement that home health services be rendered by or under arrangement with a home health agency which has met the Secretary's conditions of participation and has a provider agreement is consistent with the Congressional intent that the Secretary operate an effective Medicare program. Thus, plaintiff's first argument must fail.

Plaintiff also argues that whether or not 42 C.F.R. § 409.42(g) is consistent with the intent of Congress, its application in her case is inequitable and must be avoided through a judicially imposed retroactive arrangement between VHHS and those whom plaintiff retained. Plaintiff maintains that she was in need of home health care and she was denied such care by the only participating HHA in the area. Therefore, to deny her reimbursement when she turned elsewhere is inequitable.

■ While there is no question that plaintiff needed home health care, the record does not clearly show that she was compelled to turn elsewhere. VHHS asserts that it could have and would have continued to provide care for payment had plaintiff requested it. (R. 77–78, 108.) Further, plaintiff could have appealed the VHHS decision at the time VHHS informed her that she was no longer eligible for Medicare. *See* 42 C.F.R. Part 405, Subpart G.

■ Further, even if application of the requirement to plaintiff does result in the harsh predicament that plaintiff describes, the Court may not impose a retroactive arrangement. Although the regulation does not expressly prohibit a retroactive arrangement, it makes the arrangement a requirement to Medicare-covered home health services and thus implicitly requires that it be made before the services are provided.

Plaintiff relies on *Regents of University of California v. Heckler,* 771 F.2d 1182 (9th Cir.1985), for the proposition that the arrangement between VHHS and those plaintiff retained may be made retroactively. However, plaintiff's reliance is inappropriate. In that case, a participating HHA's reimbursements from the Medicare fiscal intermediary were retroactively corrected to correspond with the true costs of the services. The provider was not made a participating provider retroactively. Further, the relevant statute, 42 U.S.C. § 1395x(v), provided for retroactive adjustments of reimbursements. Here, the statute has no provision for retroactive arrangements between participating HHA's and those who actually rendered services.

Further, in what appears to be the only reported decision on point, the Court

---

1. Participation refers to a facility that meets the conditions of participation and has in effect a provider agreement. 42 C.F.R. § 409.3. The conditions of participation are set out in 42 C.F.R. §§ 489.1 through 489.57.

reached the opposite conclusion. *Proudfoot v. Richardson* [February 1973—December 1974 Transfer Binder] Medicare and Medicaid Guide (CCH) ¶ 26,851 (N.D.W.V. Dec. 20, 1973). In that case, the Court held that the definition of HHA in section 1861(*o*) of the Act, 42 U.S.C. § 1395x(*o*), manifests the Congressional intent that home nursing services be provided by or through a recognized agency. The *Proudfoot* Court concluded that this "clear mandate of Congress can not be disregarded...". *Proudfoot* [February 1973–December 1974 Transfer Binder] Medicare and Medicaid Guide (CCH) ¶ 26,851 (N.D.W.V. Dec. 20, 1973) at 9859.

Finally, a judicially imposed arrangement would certainly contradict the intent of Congress. According to the House Report, the intent was to provide "sufficient direction to the Secretary to insure the development of more adequate administrative and reimbursement guidelines" and to provide the Secretary with authority to establish requirements for administration of the program. H.R.Rep. No. 1167, 96th Cong., 2d Sess. 370, *reprinted in* 1980 U.S.Code Cong. & Admin.News 5526, 5733. The report clearly indicates that the Congress intended to provide the Secretary with the control necessary to run an efficient program. The provision of 42 C.F.R. § 409.42(g) requiring that services be provided by a participating HHA which has previously met the requirements of the Secretary places control in the Secretary. The judicially imposed arrangement would remove all control from the Secretary and place it in the Court.

The plaintiff's argument that the Court should allow the requisite arrangement to be made retroactively appears grounded in a belief that 42 C.F.R. § 409.42(g) is a mere technicality which would not stand in the way of what may be a meritorious claim for Medicare. However, even if the Court agrees that 42 C.F.R. § 409.42(g) is a technical requirement not going to the substantive merits of plaintiff's claim, it is improbable that there is ground to allow the Court to dispose of the requirement by retroactively imposing an arrangement between VHHS and those plaintiff retained. In sim-

ilar situations, courts have not easily dismissed other requirements also characterized as "technicalities." For example, in *Schweiker v. Hansen*, 450 U.S. 785, 101 S.Ct. 1468, 67 L.Ed.2d 685 (1981), the respondent was substantively eligible for welfare benefits but had failed to fill out the required written application because a field agent of the Social Security Administration had informed her that she was not eligible. The major issue in that case was whether the government employee's actions estopped the government from requiring the written application. However, in deciding the case, the Supreme Court addressed the issue of the possibility of different treatment for substantive and procedural requirements. The Court made it clear that a court was no more authorized to overlook a procedural requirement than a court was authorized to overlook a substantive requirement. *Schweiker v. Hansen*, 450 U.S. at 790, 101 S.Ct. at 1471.

Accordingly, the ALJ's decision that plaintiff may not be reimbursed for care rendered by a non-participating provider is affirmed, and, therefore, there is no need to address the ALJ's other determinations.

SO ORDERED.